FILED

NOT FOR PUBLICATION

FEB 23 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DEL EDDY COLEGROVE,<br><br>Petitioner - Appellant,<br><br>v.<br><br>MARTIN HOSHINO, in his capacity as Acting Secretary of the California Department of Corrections & Rehabilitation; P. D. BRAZELTON, in his capacity as Warden, Pleasant Valley State Prison,<br><br>Respondents - Appellees. | No. 15-15206<br><br>D.C. No. 5:13-cv-00096-BLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted February 11, 2016
San Francisco, California

Before: SCHROEDER and NGUYEN, Circuit Judges and ADELMAN,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Del Eddy Colegrove, a California state prisoner, appeals the district court's denial of his petition for writ of habeas corpus. Colegrove was convicted of sexual offenses after a jury trial and sentenced to 64 years.

He contends that his counsel did not understand his maximum exposure, and that he was deprived of effective assistance of counsel during plea negotiations when he rejected a plea offer of 15 years. He claims that had he known he faced more than 48 years, he would have accepted the offer.

To establish that counsel was ineffective, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). In considering the performance prong of the test, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. Under the Anti-Terrorism and Effective Death Penalty Act, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Counsel's pretrial declaration in support of a continuance shows that she believed that the possible sentence was approximately 70 years, which belies

2

petitioner's contention that counsel's performance was deficient because she did not understand the concept of stacking. Petitioner argues that his true maximum exposure was 122 years, but we agree with the district court that it would not be unreasonable to interpret counsel's 70-year calculation as consistent with her argument at sentencing that the imposition of consecutive sentences would be illegal under *Cunningham v. California*, 549 U.S. 270 (2007).

**AFFIRMED**.